UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KELLY STEPHENSON<br>29270 W. 199th St.<br>Gardner, KS 66030<br>Plaintiff,<br><br>v.<br><br>ELAINE L. CHAO, Secretary<br>Department of Transportation<br>1200 New Jersey Ave SE,<br>Washington, D.C. 20590<br>Defendant. | )<br>)<br>)<br>)<br>)<br>) **Case No.: 1:19-cv-2256**<br>)<br>)<br>)<br>) **Jury Requested**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**COMES NOW**, Plaintiff Kelly Stephenson (hereinafter "Plaintiff" or "Mr. Stephenson"), by and through his undersigned counsel, and files this, his Complaint against Defendant ELAINE L. CHAO, Secretary Department of Transportation (hereinafter "Defendant" or "the Agency"), and respectfully shows this Court as follows:

## NATURE OF COMPLAINT

1. Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. This action seeks declaratory relief, liquidated and actual damages for Defendant's unlawful employment practices on the bases of age and disability in violation of Title VII of the Civil Rights Act of 1964 42 USC §§ 2000e, et seq. (hereinafter "Title VII"); the Americans with Disabilities Act) 42 U.S.C. § 12101, et seq. and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621, et. seq.

## JURISDICTION AND VENUE

3. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983 and 42 U.S.C. § 2000e-5(f).

4. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).

5. Pursuant to 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

6. Plaintiff is a male citizen of the United States of America and is subject to the jurisdiction of this Court.

7. Defendant Elaine L. Chao, is currently the Secretary of The Department of Transportation. Ms. Chao is being sued here in her official capacity only.

## ADMINISTRATIVE PROCEDURES

8. Plaintiff timely contacted the United States Equal Employment Opportunity Commission ("EEOC") and filed a complaint against Defendant alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621, et. seq. and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., identified as EEOC Hearing Nos. 570-2015-00802X and 570-2016-00696X.

9. On October 5, 2017, the EEOC issued a final order concerning Plaintiff's employment discrimination complaint.

10. Plaintiff initiated an appeal and the EEOC issued a decision on appeal on April 25, 2019, entitling an action to be commenced within ninety (90) days of receipt of that notice.

11. This action has been commenced within ninety (90) days of Mr. Stephenson's receipt of the EEOC's decision.

## FACTUAL ALLEGATIONS

12. Plaintiff (born 1966) was a career federal employee with over twenty-five years of service with the Agency before being terminated.

13. Plaintiff was employed as an Air Traffic Control Specialist until the Agency forced him out on disability retirement.

14. The Agency was aware of Plaintiff's age because of his status as a former employee.

15. Plaintiff suffered a stroke in January 2005 and the Agency sent an HR Specialist to the Intensive Care Unit, where Plaintiff was located, to sign a request for immediate retirement.

16. Plaintiff has very little recollection of requesting a disability retirement.

17. Plaintiff was able to perform the essential functions of the vacancies at issue.

18. The Agency was aware of Plaintiff's disability because of his disability retirement and because he listed his disability on his applications.

*Non-Selection – Age/Disability Discrimination*

19. Plaintiff was provided with "priority consideration" for two years from December 20, 2013, to December 20, 2015, to remedy an administrative error that had occurred during an earlier selection process by the Agency's Office of Human Resources.

20. Priority Consideration meant that Plaintiff's application would be given "bonafide consideration by the selecting official without having to compete with other applicants".

21. Plaintiff applied for two vacancies for the position of Air Traffic Control Specialist, FV-2152-J, which were advertised as VA No. AWA-AOV-14-0157SS36670; VA No. AWA-AOV-14-0083SS-34769 and VA No. AWAAOV-15-0101SS-41731.

22. The Job Analysis Tool for the position of Air Traffic Control Specialist, Series 2152, level 4, pay band J lists the duties and responsibilities and the knowledge, skills, and abilities (KSAs) for the position.

23. The KSAs for the cited vacancies included the following: 1) knowledge of the Nation Airspace System (NAS) operating systems; 2) knowledge of air traffic control operating rules, law, procedure, policies, regulation, equipment and systems (en route and/or terminal); 3) skill in conducting robust data analyses, syntheses, and correlation and in the identification and evaluation of trends; 4) skill in conducting independent research while also working effectively on teams; and 5) ability to communicate information to diverse audiences through use of written reports and oral briefings and presentation.

24. Based on the KSAs and prior experience, Plaintiff was qualified for the positions.

25. Despite Plaintiff being qualified for the positions, the Agency did not select Plaintiff for the position in favor of younger, non-disabled candidates.

26. Mr. Anthony Ferrante (born 1958/no disability), Director of AOV, was the Selecting Official for the positions.

27. Julia Doherty (born 1952/no disability) was the Manager of Planning and Program Management Staff of AOV, and was the Recommending Official and Leader of the recruitment panel.

28. The applicable Agency regulation provides: "Applicant /employee receives priority referral to the next available vacancy at the grade level for which consideration was improperly missed but selection is at the discretion of the selecting official."

29. Although selection was at the discretion of the selecting official, the Agency mandate was such that Plaintiff's application for any Agency opening should have went to the Selecting Official and no one else.

30. Further, the Agency mandate was such that Plaintiff must be considered before any formal action to recruit for the vacancy, and must be given bona fide consideration on his own merit, without competition with other potential candidates.

31. Despite Agency mandate, Mr. Ferrante did not consider Plaintiff before any formal action to recruit for the vacancies, and did not give bona fide consideration to Plaintiff on his own merit, without competition with other potential candidates.

32. Against Agency mandate, both Mr. Ferrante and Ms. Doherty independently reviewed Plaintiff's application prior to reviewing any other applications. Ms. Doherty, in particular, should not have had access to review Plaintiff's application.

33. Ms. Doherty was the lead member of the recruitment panel on all three of Plaintiff's applications and was aware that Mr. Ferrante, her second line supervisor had already decided that Plaintiff should not be selected for the vacancies.

34. On or around May 13, 2014, HR forwarded to AOV the applications of all candidates on the certification list. The recruitment panel for the announcement included Ms. Doherty and AOV managers, Timothy Goddard (born 1973/no disability), Manager, Easter Area Brach and Tommy Devereaux (born 1963/no disability), manager, Central Area Operations Branch.

35. That panel reviewed and rated the application of the qualified applicants on the certification list against the Knowledge, Skills and Abilities (KSAs) in the vacancy announcement, the panel members reviewed and rate each candidate, then tallied and averaged the scores and ranked the candidates.

36. From the 42 candidates, Plaintiff was found to be 17 on their list and only three were interviewed.

37. In these two vacancies, the same procedures were used to fill each. According to the Administrative Judge, that included an independent review of Complainant's application by both Ferrante and Doherty before reviewing the certification of all qualified applicants from HR.

38. Despite being qualified and having priority clearance for two years, Mr. Ferrante, the Selecting Official, decided not to offer Plaintiff a position on both occasions and instead decided to consider Plaintiff's application with the application of the other candidates on the certification list of qualified applicants.

39. Once he was not given priority consideration for the job, Plaintiff was grouped with the other applications and not ranked in the top 11 for either vacancy and therefore did not receive an interview.

40. Of the 13 individual selected for the three vacancy announcements at issue, five were older or less than three years younger than Plaintiff and either of these candidates were nine to 13 years younger than Plaintiff.

41. On information and belief, none of the selected candidates had a disability.

## COUNT ONE
Age Discrimination
(Age Discrimination in Violation of the Age Discrimination in Employment Act (ADEA)
29 U.S.C. § 621
(over 40)

42. The foregoing paragraphs are realleged and incorporated by reference herein.

43. At all relevant times, the Defendant has been, and continues to be, an employer within the meaning of the ADEA, 29 U.S.C. § 630. At all relevant times, the Defendant has been engaged in interstate commerce within the meaning of the ADEA, and has employed, and continues to employ, twenty or more employees.

44. The Defendant's conduct as alleged above constitutes discrimination based on Age discrimination in violation of ADEA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

45. As a direct and proximate result of the foregoing violations of the ADEA, Mr. Stephenson has sustained injury, including, but not limited to: denial of the wages and other benefits provided to Air Traffic Control Specialist employed by Defendant, lost interest on those wages and other benefits, and loss of any potential opportunity to advance within the Agency.

## COUNT TWO
Disability Discrimination
(Disability Discrimination in Violation of the Americans with Disabilities Act)
42 U.S.C. § 12101, et seq.

46. The foregoing paragraphs are realleged and incorporated by reference herein.

47. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

48. Because Plaintiff's stroke substantially limits at least one of Plaintiff's major life activities Plaintiff is an individual with a disability under the ADA.

49. Plaintiff was fully qualified to be an Air Traffic Control Specialist and could perform all the essential functions of the position.

50. The Department of Transportation is a covered employer to which the ADA applies.

51. The Department of Transportation terminated and disqualified Plaintiff from employment solely because Plaintiff had a stroke. The Department of Transportation made no individualized assessment to determine whether Plaintiff could perform the essential functions of the job of Air Traffic Control Specialist and be employed by the Department of

Transportation, or whether a reasonable accommodation would enable him to be employed as an Air Traffic Control Specialist by the Agency, as is required under the ADA.

52. The Agency's termination and disqualification of Plaintiff on the basis of his disability and the Agency's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable him to be employed by the Agency violated the ADA.

53. As a result of the Agency's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Order the Defendant institute a policy and procedure to be implemented against discrimination;

b. Supervisory training for the supervisors at issue herein;

c. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein; and

d. Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00);

e. Award lost wages;

f. Award back pay and benefits, with interest;

g. Award future wages;

i. Award reasonable attorney fees, costs, and expenses incurred for this action;

j. Award equitable, declaratory, and injunctive relief; and

l. Award such other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

Dated: July 29, 2019                              Respectfully submitted,

/s/ Reshad Favors
---

Reshad Favors (D.C. Bar #1034316)
1875 Connecticut Ave. 10th Floor
Washington, DC 20009
(202) 508-8249
reshad@bsflegal.com

*Counsel for Plaintiff*