UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KELLY STEPHENSON<br>Plaintiff,<br><br>v.<br><br>ELAINE L. CHAO, Secretary<br>Department of Transportation<br>Defendant. | ) <br> ) <br> ) <br> ) **Case No.: 1:19-cv-2256**<br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MOTION FOR RECONSIDERATION OF ORDER OF DISMISSAL

Pursuant to F.R.Civ.P. 60(b), Plaintiff Kelly Stephenson, moves the Court for its Order granting him relief from its Judgment, dated December 5, 2019, dismissing the matter and a 60-day extension in order to properly effectuate service on the Defendant. Plaintiff has good cause for the failure to properly effectuate service due to a clerical error.

**WHEREFORE**, Plaintiff respectfully requests that the court (1) vacate its December 5, 2019 Order dismissing this matter and (2) allow Plaintiff a 60-day extension to properly effectuate service.

Date: December 31, 2019

Respectfully submitted,

/s/ Reshad Favors
_____

Reshad D. Favors, Esq.
reshad@bsflegal.com
1879 Connecticut Ave 10th Floor
Washington, DC 20009
202.508.8249 (Telephone)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KELLY STEPHENSON<br>Plaintiff,<br><br>v.<br><br>ELAINE L. CHAO, Secretary<br>Department of Transportation<br>Defendant. | )<br>)<br>)<br>) **Case No.: 1:19-cv-2256**<br>)<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER OF DISMISSAL

### INTRODUCTION

The Court's December 5, 2019 Order dismissed the matter for a failure to properly effectuate service on both the Attorney General of the United States and U.S. Attorney's Office for the District of Columbia as well as required by Federal Rule of Civil Procedure 4(m).

### STANDARD OF REVIEW

**1. Federal Rule of Civil Procedure 4(m)**

Rule 4(m) of the Federal Rules of Civil Procedure provides that if a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

A court, however, "must extend" the 120-day deadline for service "if the plaintiff shows good cause for the failure" to timely serve. "Good cause exists 'when some outside factor . . . rather than inadvertence or negligence, prevented service.'" *Mann v. Castiel*, 681 F.3d 368, 374

(D.C. Cir. 2012). Plaintiff bears a "heavy burden" in showing good cause. *Battle v. District of Columbia*, 21 F. Supp. 3d 42, 45 (D.D.C. 2014). "In sum, '[g]ood cause means a valid reason for delay.'" *Mann*, 681 F.3d at 375 (citation omitted).

In dicta, the Supreme Court stated that, under Rule 4(m), "courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654 (1996) (quoting Advisory Committee Notes to Rule 4(m)); *see also id. Henderson v. United States*, 517 U.S. 654 (1996) ("Rule 4(m) . . . permits a district court to enlarge the time for service 'even if there is no good cause shown.'").

2. **Federal Rule of Civil Procedure 60(b)**

Although the Federal Rules of Civil Procedure do not expressly address motions for reconsideration, see *Lance v. United Mine Workers for Am. 1974 Pension Trust*, 400 F. Supp. 2d 29, 31 (D.D.C. 2005), a motion to reconsider a final judgment is generally treated as a Rule 59(e) or Rule 60(b) motion, see *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998); *Roane v. Gonzales*, 832 F. Supp. 2d 61, 64 (D.D.C. 2011).

Under Rule 60(b), a district court "may relieve a party" from the effects of a "final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b).

## ARGUMENT

I. **DUE TO A CLERICAL ERROR, DEFENDANT WAS NOT SERVED PROPERLY**

Here, a clerical error prevented Defendant from being served properly. Specifically, the signature card sent to the US Attorney's Office and the Attorney General was lost by the Plaintiff's attorney's mailing sorting service. Plaintiff's attorney discovered this error after the Court's issuance of its November 20, 2019 Order, which required the Plaintiff to effectuate service by December 4, 2019. The error caused Plaintiff's attorney to attempt to re-serve Defendant via certified mail; however, Plaintiff's attorney was unable properly effectuate service by the December 4, 2019 deadline.

Although service was not properly effectuated, the Agency had actual notice of the Complaint through certified mail. Plaintiff resent the Complaint and Summons via certified mail to the Agency's address at 1200 New Jersey Ave SE, Washington, DC 20590. The certified mail receipt shows that the Complaint and Summons was delivered on December 2, 2019. Although service was not effectuated according to the Federal Rules of Civil Procedure, actual notice was effectuated to give the Defendant an opportunity to respond.

## II.  EVEN IN THE ABSENCE OF GOOD CAUSE SHOWN, THIS COURT HAS DISCRETION TO EXTEND THE DEADLINE TO EFFECTUATE SERVICE

At least nine circuits hold that Rule 4(m) makes an extension of time mandatory if a showing of good cause is made, and discretionary based on the equities if good cause is not shown. That is true in this Court as well. See, e.g., *Mann v. Castiel*, 681 F.3d 368, 375 (D.C. Cir. 2012). "The Advisory Committee note for Rule 4(m) instructs that [a] district court has discretion to extend time for effecting and filing proof of service even if the plaintiff fails to show 'good cause.'" *Mann*, 681 F.3d at 375 (citation omitted). The D.C. Circuit has observed that "dismissal of a case pursuant to Rule 4(m) is appropriate when the plaintiff's failure to effect proper service is the result

of inadvertence, oversight, or neglect, and dismissal leaves the plaintiff 'in the same position as if the action had never been filed.'" *Id.* (citations omitted).

Here, even if the Court does not find Plaintiff had good cause for the failure the Court has discretion to extend the deadline for Plaintiff to effectuate service.

### III.  PLAINTIFF WOULD SUFFER SUBSTANTIAL HARM SHOULD THIS CASE BE DISMISSED AS HIS CLAIM WOULD BECOME TIME-BARRED

Courts in this jurisdiction have looked to a number of factors in deciding whether to extend time, including: (1) the time since the filing of plaintiff's complaint; (2) whether the plaintiff made a good-faith effort to serve defendant; (3) whether the statute of limitations would bar re-filing the action; (4) whether dismissal without prejudice would in fact prejudice the plaintiff; (5) whether the defendant had actual notice of the lawsuit; (6) whether the defendant attempted to evade service; and (7) whether the defendant would be prejudiced by an extension of time. *Battle*, 21 F. Supp. 3d at 47 (citations omitted).

This court's evaluation boils down to three key factors: the plaintiff's amount of diligence in effecting service; the prejudice the plaintiff would suffer from a dismissal; and the prejudice the defendant would suffer from permitting an extension of time. See *Mann*, 681 F.3d at 376; *Battle*, 21 F. Supp. 3d at 47.

Once a suit is dismissed, even if without prejudice, "the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." Elmore v. Henderson, 227 F.3d 1009. In short, "when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice." *Id.* at 1011.

Here, Plaintiff showed diligence in attempting to effectuate service twice. However, due to a clerical error, service was not able to be effectuated properly. Plaintiff did not merely disregard a deadline. Further, if the Court finds no good cause shown for the failure to effectuate service, a dismissal, even without prejudice, would cause Plaintiff substantial harm because his claim against the Agency would become time barred. Cases such as Plaintiff's, which is an employment discrimination matter, require Complaints to be filed within 90 days of the right to sue being issued. A dismissal would require Plaintiff to re-file the Complaint well outside the 90-day window.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his motion to set aside the judgment and to allow a 60-day extension Plaintiff to properly effectuate service.

Date: December 31, 2019                                                Respectfully submitted,

/s/ Reshad Favors
_____

Reshad D. Favors, Esq.
reshad@bsflegal.com
1879 Connecticut Ave 10th Floor
Washington, DC 20009
202.508.8249 (Telephone)

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notice of such filing to all parties.

/s/ Reshad Favors_____
Reshad Favors, Esq.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KELLY STEPHENSON<br>Plaintiff,<br><br>v.<br><br>ELAINE L. CHAO, Secretary<br>Department of Transportation<br>Defendant. | )<br>)<br>)<br>) **Case No.: 1:19-cv-2256**<br>)<br>)<br>)<br>)<br>)<br>) |

## **PROPOSED ORDER**

Upon consideration of Plaintiff's Motion for Reconsideration and the entire record herein and for good cause shown, it is hereby:

**ORDERED** that the Plaintiff's Motion for Reconsideration is **GRANTED**.

**SO ORDERED.**

Date: _____          _____
                                                    Judge Timothy Kelly
                                                    U.S. District Court of District of Columbia