# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KELLY STEPHENSON,

    *Plaintiff*,

v.

ELAINE CHAO,

    *Defendant*.

Civil Action No. 19-2256 (TJK)

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Kelly Stephenson's Motion for Reconsideration of the Court's order dismissing this case for failure to effectuate service. He appears to blame a clerical error for his failure. Invoking Federal Rule of Civil Procedure 60(b), he argues that he should be allowed more time to effectuate service, despite the additional time, instructions, and warning the Court already provided him. For the reasons discussed below, the Court disagrees and will exercise its discretion to deny the motion.

## I. Background

Stephenson brought this action in July 2019, alleging that he had been unlawfully discriminated against due to his age and disability. *See* ECF No. 1 ("Compl."). He named a single defendant, Elaine Chao, who was "being sued here in her official capacity only." *Id.* at ¶ 7. In such cases, Federal Rule of Civil Procedure 4(i)(2) governs service. That rule instructs that when suing a United States officer or employee in their official capacity, a plaintiff must send a copy of the summons and the complaint by registered or certified mail to the defendant *and* serve the United States in accordance with Rule 4(i)(1). Fed. R. Civ P. 4(i)(2). Rule 4(i)(1) explains that to serve the United States, a plaintiff must appropriately serve the United States

attorney for the district where the action is brought *and* the Attorney General of the United States.  A plaintiff must complete these steps within 90 days of filing her complaint.  Fed. R. Civ. P. 4(m).[1]  If a plaintiff fails to do so—absent a showing of good cause—a court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  *Id.*

Here, Stephenson filed his complaint on July 29, 2019.  *See* Compl.  As a result, he had until October 27, 2019 to effectuate service.  *See* Fed R. Civ. P. 4(m).  But, by that time, the only service-related step he had taken was to request (and receive) a summons as to Chao.  *See* ECF Nos. 2, 3.  For that reason, on November 20—nearly a month after the service deadline had passed—the Court advised Stephenson of his obligation to effectuate service on the United States Attorney and the Attorney General and ordered him to do so.  *See* Minute Order of November 20, 2019.  Stephenson had neither sought an extension nor provided any good cause for his failure to effectuate service at that time.  Still, the Court gave him until December 4, 2019—two additional weeks—to file proof of service.  *See id.*  The Court warned him that failure to do so could lead to the dismissal of his case without prejudice.  *See id.*

On December 3, Stephenson filed an affidavit affirming that service had been made on Chao via certified mail.  *See* ECF No. 4.[2]  However, he did not represent that he so much as tried to serve the United States Attorney or the Attorney General, as the Court had ordered.  *See id.*

---

[1] Stephenson incorrectly states that Rule 4(m) gives a plaintiff 120 days to effectuate service. *See* ECF No. 5 at 2.  Rule 4(m) was amended in 2015 to shorten the time for service to 90 days. *See* Fed. R. Civ. P. 4, Advisory Committee Notes on Rules–2015 Amendments; *see also Doe v. Hills*, 217 F. Supp. 3d 199, 204 (D.D.C. 2016).

[2] He also attached a copy of the return receipt and the tracking page showing delivery.  *See* ECF No. 4-1.  Both documents relate to service made on Chao.

He also did not explain his failure to do so, nor did he request an extension of time. As a result, under Rule 4(m), the Court dismissed the complaint without prejudice. *See* Minute Order of December 5, 2019.

Stephenson now moves for reconsideration. *See* ECF No. 5 ("Mot."). He asks the Court to vacate its previous order dismissing the complaint without prejudice and to allow him an additional 60 days to effectuate service. *Id.* at 1.

## II.  Legal Standard

"A motion to reconsider a final order is generally treated as a Rule 59(e) motion if it is filed within the filing time limit set forth in that rule—as [Stephenson's] was—and as a Rule 60(b) motion if it is filed thereafter." *Roane v. Gonzales*, 832 F. Supp. 2d 61, 64 (D.D.C. 2011). Even so, Stephenson explicitly invokes only Rule 60(b). *See* Mot. at 1, 3. Accordingly, the Court will consider his motion under both rules. Under either, a movant must clear a high bar and a district court has considerable discretion in deciding whether to grant relief. *See Piper v. U.S. Dep't of Justice*, 312 F. Supp. 2d 17, 20 (D.D.C. 2004) (discussing Rule 59(e)); *Avila v. Dailey*, 404 F. Supp. 3d 15, 21 (D.D.C. 2019)) (discussing Rule 60(b)).

"Under Federal Rule of Civil Procedure 59(e), a motion to reconsider 'is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Trudel v. SunTrust Bank*, 924 F.3d 1281, 1287 (D.C. Cir. 2019) (quotation omitted). It is not a vehicle "to bring before the Court theories or arguments that could have been advanced earlier." *Lightfoot v. D.C.*, 355 F. Supp. 2d 414, 421 (D.D.C. 2005) (quotation omitted).

"Whether a party should be granted relief under Rule 60(b) is a matter left to the district court's discretion." *Mazengo v. Mzengi*, 542 F. Supp. 2d 96, 98 (D.D.C. 2008). Rule 60(b)

3

provides six grounds for granting relief from a final judgment. Most of the six involve an intervening action or conduct that occurred after the court entered judgment. *See* Fed. R. Civ. P. 60(b). Although Stephenson does not explicitly say so, *see* Mot. at 1, 3–4, only the first ground for relief could be relevant here. Rule 60(b)(1) allows for relief due to "mistake, inadvertence, surprise, or excusable neglect."[3] The Supreme Court has articulated four factors for courts to consider when determining whether neglect is excusable: "(1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Courts in this District have found that the third factor—how much the movant was to blame for the neglect—is the most important. *See Jarvis v. Parker*, 13 F. Supp. 3d 74, 78–79 (D.D.C. 2014); *see also Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 225 (D.D.C. 2011) ("Relief under Rule 60(b)(1) turns on equitable factors, notably whether any neglect was excusable."). A court considering any motion under Rule 60(b) "must balance the interest in justice with the interest in protecting the finality of judgments." *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004). Additionally, "Rule 60(b) is not 'a vehicle for presenting theories or arguments that could have

---

[3] Stephenson has not explained which of Rule 60(b)(1)'s four prongs he wishes to invoke. *See* Mot. at 3–4. Because courts in this District routinely analyze errors like Stephenson's under Rule 60(b)'s "excusable neglect" prong, *see, e.g.*, *Jarvis v. Parker*, 13 F. Supp. 3d 74, 78–79 (D.D.C. 2014)—and because he does in fact concede that he neglected to properly effectuate service, *see* Mot. at 1, 4—the Court will evaluate whether that neglect is excusable.

4

been raised previously.'" *Walsh v. Hagee*, 10 F. Supp. 3d 15, 19 (D.D.C. 2013) (citation omitted).

**III.    Analysis**

Stephenson alleges that "a clerical error prevented Defendant from being served properly." Mot. at 4. He states, without further explanation, that "the signature card sent to the US [sic] Attorney's Office and the Attorney General was lost by the Plaintiff's attorney's mailing sorting service." *Id.* Although Stephenson's attorney represents that he discovered this error after the Court's November 20 Order, he alleges nonetheless, and again without further explanation, that he "was unable [sic] properly effectuate service by the December 4, 2019 deadline." *Id.* He argues that reconsideration is warranted because otherwise his claims will be time-barred.[4] *See id.* at 5–6. As set forth below, this explanation—to the extent that it even makes sense—does not justify the extraordinary relief Stephenson seeks.

As for Rule 59(e), Stephenson does not argue the existence of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Trudel*, 924 F.3d at 1287 (quotation omitted). Indeed, his own role in the failure to effectuate service undercuts any possible claim of manifest injustice. *See Piper*, 312 F. Supp. 2d at 22–23 (observing that "manifest injustice does not exist where, as here, a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered" (quotation omitted)). Rather, he appears to be trying to use this motion as a vehicle to make arguments in favor of an extension under Rule 4(m). This he cannot do because

---

[4] Each of Stephenson's causes of action required that he file suit within 90 days of receiving a right-to-sue notice. *See Greer v. Bd. of Trustees of Univ. of D.C.*, 113 F. Supp. 3d 297, 306 (D.D.C. 2015) (Age Discrimination in Employment Act); *Blackwell v. SecTek, Inc.*, 61 F. Supp. 3d 149, 154 n.3 (D.D.C. 2014) (Americans with Disabilities Act).

5

he had every opportunity to request such an extension on or before December 4. *Id.* at 22 (noting that "Rule 59(e) motions are not granted when losing parties enlist the motion to make new arguments that could have been raised prior to final judgment"); *see also W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997), *aff'd sub nom. Hicks v. United States*, No. 99-5010, 1999 WL 414253 (D.C. Cir. May 17, 1999) (observing that Rule 59(e) is not an opportunity "to bring before the Court theories or arguments that could have been advanced earlier").

As for Rule 60(b)(1), Stephenson has not shown that any negligence on his part is excusable. As discussed above, Rule 4 required him to serve Chao, the United States Attorney, and the Attorney General by October 27, 2019. He failed to do so. At that point, the Court could have dismissed the case under Rule 4(m).[5] Even so, because "the service requirements for federal agencies and officials are complex," *Morrissey v. Wolf*, No. 1:19-CV-01956 (TNM), 2019 WL 6051561, at *3 (D.D.C. Nov. 15, 2019), the Court offered Stephenson another opportunity. Not only did the Court give Stephenson more time, but it explained that—in addition to Chao—he also needed to serve the United States Attorney and the Attorney General, and it pointed him to the relevant rules. Courts assume that lawyers possess a basic proficiency in the rules of civil procedure. *Cf. Ctr. for Nuclear Responsibility, Inc. v. U.S. Nuclear Regulatory Comm'n*, 781 F.2d 935, 942 (D.C. Cir. 1986) ("It is hardly unreasonable to impute knowledge of simple, mechanical procedural rules to attorneys who, indeed, have a professional

---

[5] Because Stephenson had served neither the United States Attorney nor the Attorney General, the relief offered by Rule 4(i)(4)(A) did not apply. *See Morrissey v. Wolf*, No. 1:19-CV-01956 (TNM), 2019 WL 6051561, at *3 (D.D.C. Nov. 15, 2019) (noting that "no rule provides relief when, as here, a plaintiff has partially complied with Rule 4(i)(2) by serving only the agency or official [sued in an official capacity]").

obligation to be aware of them. In a very real sense, the rules are the tools of the trade."). Indeed, even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Even offering every benefit of the doubt, the Court can fathom no excusable reason why Stephenson failed to effectuate service with the benefit of the Court's express instructions.

Stephenson argues that the loss of a signature card somehow prevented him from properly effectuating service. His argument makes no sense. As a threshold matter, it is not entirely clear what Stephenson means when he refers to a "signature card." Assuming he is referring to a return receipt, that would only be relevant to filing proof of service under Rule 4(*l*). The loss of a return receipt does not prevent a plaintiff from effectuating service, the validity of which is unaffected by a failure to file proof of service, *see* Fed. R. Civ. P. 4(*l*)(3). Nor does it prevent her from satisfying her proof of service obligation by filing an affidavit "disclos[ing] enough facts to demonstrate the validity of service," 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1130 (4th ed. 2019).[6] Nor still does it prevent her from moving for an extension—either to effectuate service or to file proof of service—*before* missing a court-imposed deadline. *See Freely v. Shanahan*, No. CV 19-286 (CKK), 2019 WL 2582533, at *2 (D.D.C. June 24, 2019) ("The obligation to request an extension places a minimal burden on the party and her counsel."). As far as the Court can tell, Stephenson has done none of these things with respect to the United States Attorney or the Attorney General.

---

[6] That Stephenson asserts that *something* was "sent to the US [sic] Attorney's Office and the Attorney General" faintly suggests that perhaps he *did* serve these entities within the time permitted. But Stephenson does not so argue. At certain points, he concedes that he neglected to properly effectuate service, *see* Mot. at 1, 4, and in any event he has not provided facts from which the Court could so conclude.

In fact, that Stephenson served Chao and filed proof of that service on December 3—the day before the deadline—calls into question whether he understood his obligation to serve the United States Attorney and the Attorney General at all, and whether a clerical error had anything to do with what happened here. Perhaps Stephenson's counsel did not understand what Rule 4 requires. *See Pioneer*, 507 U.S. at 392 (noting that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."). Perhaps he failed to monitor the docket in this case. *See Gibson-Michaels v. Bair*, 255 F.R.D. 306, 307 (D.D.C. 2009) (noting that failure to monitor the docket is not excusable neglect under Rule 60(b)). Or perhaps he simply failed to read the Court's order carefully. *See S.E.C. v. Bilzerian*, 729 F. Supp. 2d 9, 17–18 (D.D.C. 2010) (observing that a Rule 60(b)(1) movant "must show that he was justified in failing to avoid his mistake or inadvertence. . . . and sheer carelessness on his part will not justify relief."). No matter. The Court does not find Stephenson's negligence excusable on this record, even if all the other "excusable neglect" factors—prejudice to the other party, length of any delay, and the movant's good faith—weigh in his favor. *See Jarvis*, 13 F. Supp. 3d at 78–80.

Stephenson also argues that because he served Chao by certified mail, "actual notice was effectuated to give the Defendant an opportunity to respond." Mot. at 4. But providing notice is not equivalent to effectuating service. *See Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004) ("While the purpose of service is to give a defendant notice of the claims against it, notice alone 'cannot cure an otherwise defective service.'") (citation omitted). Service is more than a mere formality. "Without valid service of summons or a waiver of service, the Court cannot establish proper venue and personal jurisdiction over the defendants, and the case may not proceed." *Mann v. Castiel*, 729 F. Supp. 2d 191, 196 (D.D.C. 2010), *aff'd*, 681 F.3d

368 (D.C. Cir. 2012).  This is because personal jurisdiction requires "a basis for the defendant's amenability to service of summons."  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Contrary to Stephenson's suggestion, the service requirement may not be so carelessly cast aside.

Finally, Stephenson argues that the Court should exercise its discretion and grant him more time to effectuate service because otherwise his claims will be time barred.  *See* Mot. at 5–6.  But the time for that argument has passed.  As discussed above, motions for reconsideration are not vehicles to make arguments that could have been presented earlier.  *See Dixon v. England*, Civil Action No. 02-0823 (JR), 2003 WL 1833193, at *1 (D.D.C. Feb. 13, 2003), *aff'd sub nom. Dixon v. Johnson*, No. 03-5116, 2003 WL 22225587 (D.C. Cir. Sept. 24, 2003); *see also Piper*, 312 F. Supp. 2d at 22; *Walsh*, 10 F. Supp. 3d at 19.  Stephenson had ample opportunity to move for an extension of time before this case was dismissed, and—as discussed above—doing so would have required little effort.  *See Freely*, 2019 WL 2582533, at *2.  As Stephenson himself admits, he discovered whatever error occurred after the Court warned him that his service was defective and gave him two additional weeks to perfect it.  *See* Mot. at 4.  Had he moved for an extension at that time, he could have tried to avail himself of Rule 4(m)'s "good cause" standard, or argued, as he does now, that showing good cause is unnecessary, *see id.* at 4–5.  But he did not.  That his claims may be time barred is unfortunate, but it does not alone justify the extraordinary relief he seeks, especially considering that he is represented by counsel.  *See Morrissey*, 2019 WL 6051561, at *3; *cf. United States v. Locke*, 471 U.S. 84, 101 (1985) ("Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced."); *Howard v. Gutierrez*, 474

F. Supp. 2d 41, 57 n.11 (D.D.C. 2007) ("Serious consequences often flow from a fair application of time limits, and that is the case here.").

## IV.     Conclusion and Order

Stephenson failed to effectuate service in the manner required by Rule 4.  Nevertheless, the Court directed him to the relevant rule and gave him ample opportunity to do so.  The Court also explained the consequences of failing to do so.  That Stephenson failed to follow the Court's Order—and the Federal Rules of Civil Procedure—hardly constitutes the kind of circumstances that warrant the highly discretionary relief he now seeks.  Accordingly, the Court will deny the motion.

For all the above reasons, it is hereby **ORDERED** that Defendant's Motion for Reconsideration, ECF No. 5, is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: January 10, 2020